IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANDREA CHAVEZ,

    Plaintiff,

VS.                            Case No. 1:20-cv-00114-KK-LF

THE GEO GROUP INC.,

    Defendant.

**ANSWER TO PLAINTIFF'S COMPLAINT FOR
DISCRIMINATION AND RETALIATION**

Defendant The GEO GROUP INC., ("Defendant"), hereby answers the Complaint filed herein by Plaintiff Andrea Chavez.

1. Upon information and belief, Defendant admits the allegations in set forth in paragraph 1 of the Complaint.

2. Defendant admits the allegations set forth in paragraph 2 of Plaintiff's Complaint.

3. Defendant denies the allegations set forth in paragraph 3 of Plaintiff's Complaint.

4. Defendant admits the allegations set forth in paragraph 4 of Plaintiff's Complaint.

5. Defendant admits the allegations set forth in paragraph 5 of Plaintiff's Complaint.

6. Defendant denies the allegations set forth in paragraph 6 of Plaintiff's Complaint.

**ALLEGATIONS**

7. In response to the allegations set forth in paragraph 7 of Plaintiff's Complaint, Defendant admits Plaintiff was hired on July 10, 2017.

8. In response to the allegations set forth in paragraph 8 of Plaintiff's Complaint, Defendant admits that Plaintiff was employed as an Administrative Clerk for a period of her tenure.

9. Upon information and belief, Defendant admits the allegations set forth in

paragraph 9 of Plaintiff's Complaint.

10. In response to the allegations set forth in paragraph 10 of Plaintiff's Complaint, Defendant admits that Plaintiff sent a photo to a K9 Officer. Defendant denies the remaining allegations of paragraph 10.

11. Upon information and belief, Defendant admits the allegations set forth in paragraph 11 of Plaintiff's Complaint.

12. Defendant denies the allegations set forth in paragraph 12 of Plaintiff's Complaint.

13. Defendant denies the allegations set forth in paragraph 13 of Plaintiff's Complaint.

14. Defendant denies the allegations set forth in paragraph 14 of Plaintiff's Complaint.

15. Defendant is without sufficient knowledge or information to form a belief with respect to the allegations set forth in paragraph 15 of Plaintiff's Complaint, and therefore denies the same.

16. Upon information and belief and in response to the allegations set forth in paragraph 16, Defendant admits that at some point messages from Lieutenant Rivera to Plaintiff stopped. Defendant denies the remaining allegations of paragraph 16 of Plaintiff's Complaint.

17. Defendant denies the allegations set forth in paragraph 17 of Plaintiff's Complaint.

18. Defendant denies the allegations set forth in paragraph 18 of Plaintiff's Complaint.

19. Defendant denies the allegations set forth in paragraph 19 of Plaintiff's Complaint.

20. In response to the allegations set forth in paragraph 20 of Plaintiff's Complaint, Defendant admits Plaintiff, at one point, could not access her computer. Defendant is without sufficient knowledge or information to form a belief with respect to the remaining allegations set forth in paragraph 20 of Plaintiff's Complaint, and therefore denies the same. Defendant denies the remaining allegations of paragraph 20 of Plaintiff's Complaint.

21. Defendant admits the allegations set forth in paragraph 21 of Plaintiff's Complaint.

22. Defendant admits the allegations set forth in paragraph 22 of Plaintiff's Complaint.

23. Defendant denies the allegations set forth in paragraph 23 of Plaintiff's Complaint.

24. In response to the allegations set forth in paragraph 24, Defendant admits Plaintiff resigned. Defendant is without sufficient knowledge or information to form a belief with respect to the remaining allegations set forth in paragraph 24 of Plaintiff's Complaint, and therefore denies the same. Defendant denies the remaining allegations of paragraph 24 of Plaintiff's Complaint.

25. Defendant denies the allegations set forth in paragraph 25 of Plaintiff's Complaint.

## COUNT I.
## SEX DISCRIMINATION

26. In response to the allegations set forth in paragraph 26 of Plaintiff's Complaint, Defendant alleges and incorporates by reference its response to paragraphs 1-25 of Plaintiff's Complaint as though fully set forth herein.

27. Defendant denies the allegations set forth in paragraph 27 of Plaintiff's Complaint.

28. Defendant denies the allegations set forth in paragraph 28 of Plaintiff's Complaint.

29. Defendant denies the allegations set forth in paragraph 29 of Plaintiff's Complaint.

## COUNT II.
## RETALIATION

30. In response to the allegations set forth in paragraph 30 of Plaintiff's Complaint, Defendant alleges and incorporates by reference its response to paragraphs 1-29 of Plaintiff's Complaint as though fully set forth herein.

31. Defendant denies the allegations set forth in paragraph 31 of Plaintiff's Complaint.

32. Defendant denies the allegations set forth in paragraph 32 of Plaintiff's Complaint.

33. Defendant denies the allegations set forth in paragraph 33 of Plaintiff's Complaint.

34. Defendant denies every allegation not expressly admitted in this Answer.

## DEFENSES AND AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff's claims are barred to the extent any claims fall outside the applicable statute of limitations.

3. Likewise, Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff's claims exceed the scope of the charge of discrimination, and therefore failed to exhaust her administrative remedies.

4. Plaintiff's damages are barred, in whole or in part, to the extent she failed to take reasonable and necessary steps to mitigate her damages.

5. Plaintiff's claims may be barred, in whole or in part, by the doctrine of after-acquired evidence.

6. If the actions of current, former or employees or agents of Defendant are found to be wrongful in any way, those actions cannot be attributed to Defendant, and Defendant is not liable under the concepts of *respondeat superior* or vicariously liable.  For example, Defendant maintains clear anti-discrimination, anti-harassment, and anti-retaliation policies, and trains its employees on these policies.

7. Defendant alleges that all acts taken by it or anyone acting on its behalf were just, fair, without malice or intent to retaliate and for lawful, legitimate, non-discriminatory and non-retaliatory reasons.

8. Defendant exercised reasonable care to prevent and correct discriminatory or retaliatory conduct of which it knew or should it have known.  For example, Defendant has multiple channels available to employees to make complaints of harassment and/or retaliation and,

to the extent Plaintiff did not make complaints, Defendant did not know, nor should it have known of the alleged discriminatory or retaliatory conduct.

9. Punitive damages are not available because the alleged misconduct would be contrary to the Defendant's good faith efforts to comply with the New Mexico Civil Rights Act and other relevant laws. For example, Defendant maintains clear equal employment opportunity, anti-discrimination and anti-retaliation policies, and trains its employees on these policies in order to comply with the law.

10. Plaintiff has failed to allege facts sufficient to state a claim for compensatory damages, and/or any other damages or relief sought, or to justify an award of attorneys' fees or costs.

11. Defendant alleges it is entitled to a set-off of any money paid to Plaintiff, or which will be paid to Plaintiff, as the result of any other compensation including, for example, unemployment benefits.

Because the Complaint is couched, at least in part, in conclusory or vague terms, Defendant cannot fully anticipate all affirmative defenses that may be applicable to this case. Accordingly, Defendant hereby reserves the right to assert additional affirmative defenses.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for judgment as follows:

1. That judgment be entered on Plaintiff's Complaint in favor of Defendant, and that the Court dismiss Plaintiff's Complaint with prejudice in its entirety;

2. That Plaintiff take nothing from her Complaint;

3. That the Court award Defendant attorneys' fees and costs of suit incurred herein; and

4. For such other and further relief as the Court deems just and proper.

DATED this 14th day of February, 2020.

>Respectfully Submitted,
>
>LITTLER MENDELSON, P.C.
>
>*/s/ R. Shawn Oller*
>R. Shawn Oller (N.M. Bar No.019233)
>soller@littler.com
>Sarah N. O'Keefe (*pro hac vice* pending)
>sokeefe@littler.com
>Camelback Esplanade
>2425 East Camelback Road. Suite 900
>Phoenix, AZ  85016
>602.474.3600 (Telephone)
>602.957.1801 (Facsimile)
>
>ATTORNEYS FOR DEFENDANT
>THE GEO GROUP INC.

I hereby certify that I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants this 14th day of February, 2020:

Donald G. Gilpin
Christopher P. Machin
Gilpin Law Firm, LLC
6100 Indian School Road NE, Suite 115
Albuquerque, New Mexico 87110


/s/ *Sara Jurecki*
4830-5050-9746.1 059218.1408