## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

ANDREA CHAVEZ,

          Plaintiff,                  No: 1:20-cv-00114-MV-LF

vs.

THE GEO GROUP, INC.,

          Defendant.

## JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN

Pursuant to Fed. R. Civ. P. 26(f), a telephonic meeting was held on March 11, 2019, and was attended by: Christopher P. Machin of the Gilpin Law Firm, LLC for Plaintiff Andrea Chavez ("Chavez" or "Plaintiff"), and Sarah N. O'Keefe of Littler Mendelson, P.C. for Defendant The GEO Group, Inc. ("GEO" or "Defendant").

## NATURE OF THE CASE

This is an employment case in which Plaintiff Andrea Chavez asserts claims of sex discrimination and retaliation in violation of the New Mexico Human Rights Act.

Defendant GEO denies each and every allegation set forth in Plaintiff's Complaint and asserts defenses consistent with its Answer. Plaintiff did not suffer any discrimination or retaliation and chose to resign.

## AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES

Plaintiff does not intend to file further amendments to the Amended Complaint or to join additional parties, at this time. Plaintiff should be allowed until **April 20, 2020** to

move to amend the pleadings and to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a). Defendant should be allowed until **May 22, 2020** to respond and until **June 5, 2020** to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

## STIPULATIONS

The parties hereto stipulate and agree that venue is properly laid in this District; that the United States District Court for the District of New Mexico has jurisdiction of the parties and the subject matter. The law governing this case is New Mexico law as this is a diversity action.

The parties are willing to further stipulate to the following facts:

1.      Defendant hired Plaintiff on July 10, 2017, as a Correctional Technician.

2.      On March 8, 2019, Plaintiff filed a Charge of Discrimination with the New Mexico Human Rights Bureau, alleging sex discrimination in violation of the New Mexico Human Rights Act and Title VII, as well as Retaliation.

The parties further stipulate and agree that the law governing this case is New Mexico common law, and the Federal Rules of Civil Procedure.

## PLAINTIFF'S CONTENTIONS

Plaintiff began working for Defendant in July of 2017. Plaintiff was employed as an Administrative Clerk. In September of 2017, Plaintiff had a brief relationship with a K9 Officer at the prison. During the relationship, Plaintiff and the Officer exchanged sexual pictures and text between themselves. The K9 Officer was also in a relationship with a female Lieutenant at the Prison. When the Lieutenant found out about the relationship between Plaintiff and the K9 Officer, the Lieutenant began sending threaten messages to

Plaintiff and showed other prison employees the private pictures of Plaintiff. Plaintiff reported the hostile work environment to her Warden.  However, no action was taken. The threatening text messages continued and Plaintiff was told by several employees they had seen naked pictures of her.

Plaintiff was also aware that employees of the prison were calling her derogatory names. Plaintiff was extremely embarrassed and humiliated.  Plaintiff was also in constant fear for her safety. The threatening text messages stopped after several months. In February of 2019, the threatening text messages started again.  Plaintiff was also aware that naked pictures of her were being re-circulated in the prison. Plaintiff reported the hostile work environment to the Vice President of Geo Group. A few days later, the Warden called Plaintiff into his office.  The Warden was very angry that Plaintiff had "gone over his head" to the Vice President. Plaintiff was very fearful she would be terminated.  Plaintiff had her computer access denied and was unable to perform her duties. Plaintiff applied for several positions with Defendant. Plaintiff was able to be hired in the kitchen as a supervisor. However, the hostile work environment continued.  Plaintiff was constantly reminded by employees that they had seen naked pictures of her.  Plaintiff was aware that employees were calling her names such as "tramp" and "whore."   Plaintiff was also fearful of retaliation from Corrections Officers who were friends of the Lieutenant. Plaintiff was forced to resign as a result of the hostile work environment. As a result of Defendant's discriminatory and retaliatory conduct, Plaintiff has suffered damages in the form of lost wages, lost benefits, emotional distress and costs, including attorneys' fees.

## DEFENDANT'S CONTENTIONS

Defendant The GEO Group, Inc. specializes in privatized corrections, detention, and mental health treatment. On July 10, 2017, GEO hired Plaintiff at its Guadalupe County Correctional Facility as a Correctional Technician, earning $9.60 per hour.  In September 2017, Plaintiff and a fellow GEO employee, K-9 Officer Rick Arguello began exchanging messages.  On September 22, 2017, Plaintiff sent a photo of herself in her underwear to Arguello. During this time, Arguello was the boyfriend of another GEO employee, Lieutenant Krystal Rivera.

On April 21, 2018, and on April 22, 2018, Plaintiff and Rivera exchanged multiple messages via Facebook Messenger.  Rivera asked Plaintiff to explain why the photo of Plaintiff in her underwear was on Arguello's cell phone. Plaintiff explained her relationship with Arguello, and defended her actions.  Plaintiff also accused Rivera of having "been with men that are taken."  In response, Rivera called Plaintiff a "whore" and "trash." Plaintiff told Rivera to "take it up with her boyfriend," and Rivera told Plaintiff to stop messaging Arguello.

On February 20, 2019, Plaintiff and Krystal Rivera exchanged messages via Facebook Messenger again.  As relevant here, Rivera accused Plaintiff of having sex with a different K-9 Officer while at work — Eddie Quinonez.  Rivera called Plaintiff a "tramp," and accused her of having no morals because Quinonez's girlfriend was Plaintiff's co-worker. Plaintiff responded with several lengthy messages to Rivera, denying the allegations, explaining her relationship with Quinonez, and telling Rivera to "grow up already."

The next day, Plaintiff emailed Warden Horton, alleging that Krystal Rivera created a hostile work environment.  That same day, GEO referred Plaintiff's allegations to GEO's Office of Professional Responsibility for investigation.  Regional Human Resources Director Karen Broadwater investigated Plaintiff's claims.  On March 5, 2019, Broadwater met with Plaintiff to discuss her allegations, but Plaintiff refused to discuss the allegations without her attorney present.  Because Plaintiff refused to participate in Broadwater's investigation, Broadwater interviewed other employees to continue her investigation into Plaintiff's allegations.  Ultimately, GEO terminated Rivera's employment on March 11, 2019.

On June 24, 2019, GEO offered Plaintiff a promotion to Cook Supervisor with a pay raise to $13 per hour, which she accepted.  On October 15, 2019, Plaintiff resigned her employment with GEO, effective that same day.

GEO denies that it discriminated or retaliated against Plaintiff.  GEO further denies that Plaintiff was constructively discharged from her employment with GEO.  Rather, Plaintiff chose to resign because she wanted to "further [her] education."  Defendant denies that it is liable to Plaintiff on any of her claims.  Additionally, GEO asserts its defenses explained in more detail in its Answer, including but not limited to:

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff's damages are barred, to the extent she failed to take reasonable and necessary steps to mitigate her damages.

3. Plaintiff's claims may be barred by the doctrine of after-acquired evidence.

4. If the actions of current, former, or employees or agents of Defendant are found to be wrongful in any way, those actions cannot be attributed to

Defendant, and Defendant is not liable under the concepts of *respondeat superior* or vicariously liable. For example, Defendant maintains clear anti-discrimination, anti-harassment, and anti-retaliation policies, and trains its employees on these policies.

5. Defendant alleges that all acts taken by it or anyone acting on its behalf were just, fair, without malice or intent to retaliate and for lawful, legitimate, non-discriminatory and non-retaliatory reasons.

6. Defendant exercised reasonable care to prevent and correct discriminatory or retaliatory conduct of which it knew or should it have known. For example, Defendant has multiple channels available to employees to make complaints of harassment and/or retaliation and, to the extent Plaintiff did not make complaints, Defendant did not know, nor should it have known of the alleged discriminatory or retaliatory conduct.

7. Punitive damages are not available because the alleged misconduct would be contrary to the Defendant's good faith efforts to comply with the New Mexico Civil Rights Act and other relevant laws. For example, Defendant maintains clear equal employment opportunity, anti-discrimination and anti-retaliation policies, and trains its employees on these policies in order to comply with the law.

8. Plaintiff has failed to allege facts sufficient to state a claim for compensatory damages, and/or any other damages or relief sought, or to justify an award of attorneys' fees or costs.

9. Defendant is entitled to a set-off of any money paid to Plaintiff, or which will be paid to Plaintiff, as the result of any other compensation including, for example, unemployment benefits.

10. Because the Complaint is couched, at least in part, in conclusory or vague terms, Defendant cannot fully anticipate all defenses that may be applicable. Accordingly, Defendant reserves the right to assert additional defenses.

## **PROVISIONAL DISCOVERY PLAN**

The parties jointly propose to the Court the following discovery plan:

List all witnesses who, at this time, you think will either testify or be deposed, giving their name, title, address and a brief summary of their testimony.  It is insufficient to list witnesses' addresses, save for clients, "in care of counsel."

List all documents which you believe, at this time, will be exhibits at the trial.

List all experts who you believe, at this time, will testify at the trial, giving their name, address, area of expertise, and a brief summary of the anticipated testimony.

**WITNESSES**:

      **PLAINTIFF** may call or depose:

1. Andrea Chavez
   C/O The Gilpin Law Firm, LLC
   6100 Indian School Rd, Albuquerque, New Mexico 87110
   Suite 115
   505-244-3861

      Plaintiff will testify as to the allegations laid out in her complaint. Plaintiff will also testify regarding her damages of lost wages, lost benefits, and emotional distress.

2. Devin M. Phillips, Former Supervisor
   349 S. 9th Street, Santa Rosa, New Mexico 88435
   Cell: (505) 385-5538
   Work: (575) 472-1001

      Ms. Phillips may testify as to what she saw and reported regarding the incident.

3.     Any and all witnesses identified by any other party.

4.     Any and all witnesses revealed during the course of discovery.

5.     Any and all rebuttal witnesses as necessary.

6.     Any and all custodians of record, as needed.

7.     Any and all witnesses necessary to authenticate documents or records or otherwise lay foundation for evidence offered in this case.

8.     Any witnesses necessary for foundation, impeachment or rebuttal, who cannot be anticipated at this time.

9.     Any expert witness(es) retained by any party to this matter.

10.     Witnesses identified by Defendant and not objected to by Plaintiff.

## EXHIBITS:

At this time, **PLAINTIFF** intends to introduce:

1.  EEOC Charge

2.  Portions of Plaintiff's Personnel file.

3.  Defendant's Policies and Procedures.

4.  Text Messages

5.  Legal and Factual defenses asserted by Defendant.

6.  W-2's and/or tax returns

7.  Any other documents disclosed in the course of discovery.

8.  Any documents listed in Defendant's Exhibit List.

9.  Any documents necessary for purposes of impeachment.

## WITNESSES:

At this time, **DEFENDANT** intends to call or depose:

11.     Plaintiff Andrea Chavez
        c/o Donald G. Gilpin
        Christopher P. Machin
        6100 Indian School Road NE
        Ste. 115
        Albuquerque, NM 87110
        Phone:  505.244.3861
        Fax:  505.254.0044

Chavez is the Plaintiff in this matter and is believed to have knowledge and information relevant to the claims she asserts in this litigation.  Plaintiff is expected to testify regarding her employment with GEO, the allegations in her complaint, and her alleged damages.

12.     Karen Broadwater
        Western Region Human Resources Director
        The GEO Group, Inc.
        c/o R. Shawn Oller
        Sarah N. O'Keefe
        2425 East Camelback Road
        Suite 900
        Phoenix, Arizona 85016-4242

Broadwater is the Western Region Human Resources Director for The GEO Group, Inc. and is believed to have knowledge and information related to the allegations and claims contained in the Complaint and GEO's defenses in this litigation. Broadwater additionally has knowledge and information regarding Plaintiff's job duties, job performance, her coaching and disciplinary history and the complaints brought forth by Plaintiff during her employment with Defendant. Broadwater is also believed to have knowledge of GEO's relevant policies and procedures.

13.     Vincent Horton
        Warden of Guadalupe County Correctional Facility
        The GEO Group, Inc.
        c/o R. Shawn Oller
        Sarah N. O'Keefe
        2425 East Camelback Road
        Suite 900
        Phoenix, Arizona 85016-4242

Horton is the Warden of the Guadalupe County Correctional Facility and is believed to have knowledge and information related to the allegations and claims contained in the Complaint and GEO's defenses in this litigation. Horton additionally has knowledge and information regarding Plaintiff's job duties, job performance, her coaching and disciplinary history and the complaints brought forth by Plaintiff during her employment with Defendant. Horton is also believed to have knowledge of GEO's relevant policies and procedures.

14.     Liz Tapia
        Human Resources Manager
        The GEO Group, Inc.
        c/o R. Shawn Oller
        Sarah N. O'Keefe
        2425 East Camelback Road
        Suite 900
        Phoenix, Arizona 85016-4242

Tapia is a Human Resources Manager with the Guadalupe County Correctional Facility and is believed to have knowledge and information related to the allegations and claims contained in the Complaint and GEO's defenses in this litigation. Tapia additionally has knowledge and information regarding Plaintiff's job duties, job performance, her coaching and disciplinary history and the complaints brought forth by Plaintiff during her employment with Defendant. Tapia is also believed to have knowledge of GEO's relevant

policies and procedures.

15.     Paul Laird
        Western Region Vice-President
        The GEO Group, Inc.
        c/o R. Shawn Oller
        Sarah N. O'Keefe
        2425 East Camelback Road
        Suite 900
        Phoenix, Arizona 85016-4242

Laird is the Western Region Vice-President for The GEO Group, Inc. and is
believed to have knowledge and information related to the allegations and claims contained
in the Complaint and GEO's defenses in this litigation.   Laird is also believed to have
knowledge of GEO's relevant policies and procedures.

16.     John Gay
        Former employee of The GEO Group, Inc.
        c/o R. Shawn Oller
        Sarah N. O'Keefe
        2425 East Camelback Road
        Suite 900
        Phoenix, Arizona 85016-4242

Gay is a former employee of The GEO Group, Inc. and is believed to have
knowledge and information related to the allegations and claims contained in the
Complaint and GEO's defenses in this litigation.   Gay is also believed to have knowledge
of GEO's relevant policies and procedures.

17.     Rick Arguello
        K-9 Officer
        The GEO Group, Inc.
        c/o R. Shawn Oller
        Sarah N. O'Keefe
        2425 East Camelback Road
        Suite 900
        Phoenix, Arizona 85016-4242

Arguello was a K-9 Officer at the Guadalupe County Correctional Facility and is
believed to have knowledge and information related to the allegations and claims contained
in the Complaint and GEO's defenses in this litigation.

18.     Krystal Rivera
        Lieutenant
        Former employee of The GEO Group, Inc.
        c/o R. Shawn Oller
        Sarah N. O'Keefe
        2425 East Camelback Road
        Suite 900

Phoenix, Arizona 85016-4242

Rivera was a Lieutenant at the Guadalupe County Correctional Facility and is believed to have knowledge and information related to the allegations and claims contained in the Complaint and GEO's defenses in this litigation.

19.   Eddie Quinonez
      K-9 Officer
      The GEO Group, Inc.
      c/o R. Shawn Oller
      Sarah N. O'Keefe
      2425 East Camelback Road
      Suite 900
      Phoenix, Arizona 85016-4242

Quinonez was a K-9 Officer at the Guadalupe County Correctional Facility and is believed to have knowledge and information related to the allegations and claims contained in the Complaint and GEO's defenses in this litigation.

20.   Joey Campos
      Maintenance Supervisor
      The GEO Group, Inc.
      c/o R. Shawn Oller
      Sarah N. O'Keefe
      2425 East Camelback Road
      Suite 900
      Phoenix, Arizona 85016-4242

Campos was a Maintenance Supervisor at the Guadalupe County Correctional Facility and is believed to have knowledge and information related to the allegations and claims contained in the Complaint and GEO's defenses in this litigation.

21.   Devin Phillips
      Food Service Manager
      The GEO Group, Inc.
      c/o R. Shawn Oller
      Sarah N. O'Keefe
      2425 East Camelback Road
      Suite 900
      Phoenix, Arizona 85016-4242

Phillips was a Food Service Manager at the Guadalupe County Correctional Facility and is believed to have knowledge and information related to the allegations and claims contained in the Complaint and GEO's defenses in this litigation.  Phillips additionally has knowledge and information regarding Plaintiff's job duties, job performance, her coaching and disciplinary history and the complaints brought forth by Plaintiff during her employment with Defendant.

22.     Heather Jaramillo
        Lieutenant
        The GEO Group, Inc.
        c/o R. Shawn Oller
        Sarah N. O'Keefe
        2425 East Camelback Road
        Suite 900
        Phoenix, Arizona 85016-4242

Jaramillo was a Lieutenant at the Guadalupe County Correctional Facility and is believed to have knowledge and information related to the allegations and claims contained in the Complaint and GEO's defenses in this litigation.

23.     Gloria Chavez
        Assistant Warden
        The GEO Group, Inc.
        c/o R. Shawn Oller
        Sarah N. O'Keefe
        2425 East Camelback Road
        Suite 900
        Phoenix, Arizona 85016-4242

Chavez was an Assistant Warden at the Guadalupe County Correctional Facility and is believed to have knowledge and information related to the allegations and claims contained in the Complaint and GEO's defenses in this litigation.

24.     Any and all witnesses identified by any other party.

25.     Any and all witnesses revealed during the course of discovery.

26.     Any and all rebuttal witnesses as necessary.

27.     Any and all custodians of record, as needed.

28.     Any and all witnesses necessary to authenticate documents or records or otherwise lay foundation for evidence offered in this case.

29.     Any witnesses necessary to explain relevant policies, procedures, rules and the applicable standard of care.

30.     Any witnesses necessary for foundation, impeachment or rebuttal, who cannot be anticipated at this time.

31.     Any expert witness(es) retained by any party to this matter.

32.     Witnesses identified by Plaintiff and not objected to by Defendant.

**EXHIBITS:**

At this time, **DEFENDANT** intends to introduce:

1. Plaintiff's personnel file

2. Plaintiff's wage and compensation information

3. GEO policies and procedures and records

4. Investigation files relating to Plaintiff

5. Other exhibits identified during discovery

6. Exhibits identified by Plaintiff and not objected to by Defendant

7. Any documents necessary for rebuttal or impeachment

**EXPERTS:**

**PLAINTIFF** has not determined whether an expert is necessary.

**DEFENDANT** has not determined whether an expert is necessary.  If Plaintiff identifies an expert, and rebuttal expert witness testimony is necessary, then Defendant will call a rebuttal expert.

**DISCOVERY:**

Discovery will be needed on the following subjects:  Plaintiff's claims and Defendant's defenses.  To the extent that private and confidential information is sought in discovery, the parties may submit an appropriate confidentially order to the Court.

Maximum of **25** interrogatories by each party to any other party.  (Responses due 30 days after service).

Maximum of **25** requests for admission by each party to any other party.  (Response due 30 days after service).

Maximum of **25** requests for production by each party to any other party.  (Response due 30 days after service).

Maximum of **10** depositions by Plaintiff(s) and **10** by Defendant(s).

Each deposition (other than of named parties and experts) is limited to a maximum of **4** hours unless extended by agreement of the parties or ordered by the Court.

Neither party has identified any expert witnesses at this time. If experts are identified, reports from retained experts under Rule 26(a)(2) will be due as follows:

From Plaintiff **August 14, 2020**; and

From Defendant **September 18, 2020**.

Supplementation under Rule 26(e) due 30 within **thirty days after the information is discovered or revealed.** Final supplementation under Rule 26(e) due 30 days before the start of trial.

All discovery commenced in time to be complete by **December 18, 2020**.

## PRETRIAL MOTIONS

Plaintiff intends to file: Responses to Motions filed by Defendant. If necessary, motions in limine.

Defendant may file a motion pursuant to Federal Rule 12(b)(6). If the parties cannot resolve discovery disputes, Defendant may file discovery motions. If appropriate, Defendant will file a motion for summary judgment, as well as motions *in limine*, if necessary. At this time, Defendant does not anticipate filing other pretrial motions. All dispositive motions must be filed by: **February 12, 2021.**

## ESTIMATED TRIAL TIME

The parties estimate trial will require **four days**.

This is a **jury** case.

The parties request a pretrial conference **8 weeks** before trial.

## SETTLEMENT

The parties intend to engage in informal settlement negotiations when possible and if necessary will request a settlement conference. At this time, the possibility of settlement cannot be fully evaluated before undertaking some discovery.

## EXCEPTIONS

None at this time.

APPROVED WITHOUT EXCEPTIONS
(note exceptions above)

s/Donald G. Gilpin *(with permission)*
The Gilpin Law Firm, LLC
For Plaintiff

*s/ R. Shawn Oller*
Littler Mendelson, P.C.
For Defendant

I hereby certify that I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following if CM/ECF registrants, and emailed a copy of same to any non-registrants this 19th day of March, 2020:

Donald G. Gilpin
Christopher P. Machin
6100 Indian School Road NE, Ste. 115
Albuquerque, NM 87110
*Attorneys for Plaintiff Andrea Chavez*

*/s/ Sara Jurecki*
4823-5922-9367.1 059218.1408